### IN THE UNITED STATES DISTRICT COURT FOR THE
### NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **BONITA CAMPBELL,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| -vs- | ) Case No. 06-CV-146-PJC |
| | ) |
| **JO ANNE B. BARNHART,** | ) |
| **Commissioner of the** | ) |
| **Social Security Administration,** | ) |
| | ) |
| **Defendant.** | ) |

### ORDER

Before the Court is the parties' Agreed Motion To Reverse and Remand to the Commissioner for further administrative proceedings (Doc. 15). Upon examination of the merits, it is hereby ORDERED, ADJUDGED AND DECREED that this case is reversed and remanded to the Defendant for further administrative action pursuant to sentence four (4) of § 205(g) of the Social Security Act, 42 U.S.C. § 405(g). *Melkonyan v. Sullivan*, 501 U.S. 89 (1991).

Upon remand, the ALJ will evaluate Plaintiff's allege hand impairment at step two of the sequential evaluation process, determining whether it has more than minimal effect on her ability to work. Next, the ALJ will evaluate the medical opinion evidence and provide an appropriate explanation for accepting or rejecting such opinion evidence in accordance with 20 C.F.R. § 404.1527 and SSR 96-5p. In particular, the ALJ should provide specific reasons for accepting or rejecting the medical opinion evidence of Dr. Ashok Kache and Dr. Jim Martin.

The ALJ will also re-evaluate Plaintiff's mental impairments in accordance with the special technique described in 20 C.F.R. § 404.1520a, documenting application of the technique in the decision by providing specific findings and appropriate rationale for each of the functional areas

described in the regulations.  Lastly,  the ALJ will re-evaluate Plaintiff's residual functional capacity, incorporating all of her exertional and non-exertional limitations in this assessment.

THUS DONE AND SIGNED on this 28th day of November, 2006.

_____
Paul J. Cleary
United States Magistrate Judge